**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jermaine Graves,<br><br>          Plaintiff,<br><br>vs.<br><br>Napa County Dept. of Child Support, *et al.*,<br><br>          Defendants. | Case No. 2:25-cv-01057-RFB-MDC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 7), DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (ECF NO. 1-1), AND DENYING MOTION FOR STATUS ON PENDING APPLICATION (ECF NO. 9) AS MOOT** |

Pending before the Court is *pro se* plaintiff Jermaine Graves' *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 7). Plaintiff also filed a Declaration in support of the IFP application ("Declaration") (ECF No. 8). The Court **GRANTS** plaintiff's IFP application and dismisses plaintiff's Complaint without prejudice (ECF No. 1-1). The Court also **DENIES** plaintiff's *Motion for Status on Pending Application to Proceed in Forma Pauperis* ("Status Motion") (ECF No. 9) as moot.

**DISCUSSION**

**I.   IFP APPLICATION**

   **A.   Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

1

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

### B.    Plaintiff Qualifies For IFP Status

The Court denied plaintiff's prior IFP application and ordered him to file a IFP long-form application or pay the filing fee if he wanted to proceed in this matter. *ECF No. 6*. Plaintiff's original IFP was denied because the application did not include sufficiently outline plaintiff's income from his business or self-employment, in addition to the money that plaintiff has received from gifts or social services. *Id.* Furthermore, the Court required plaintiff to give more information on his living situation and how he supports himself. *Id.*

The Court finds plaintiff now qualifies for IFP status. Plaintiff filed a long-form IFP application and a Declaration in Support ("Declaration") of his application. *ECF Nos. 7*, *8*. In the Declaration, plaintiff explains that his business does not currently generate any income as it is not in "active operation." *ECF No. 8* at 1. Plaintiff also reports that he receives $295 worth in food stamps and that he earns $400 per month though donating his plasma. *ECF No. 7* at 2, 5; *ECF No. 8* at 1. Plaintiff also notes in his application and Declaration that he is homeless, lacks "steady employment", and receives donated clothes to wear. *See ECF No. 7* at 4; *ECF No. 8* at 1. Plaintiff also has no assets worth money. *ECF No. 7* at 3. Therefore, the Court finds that plaintiff addresses the discrepancies in his prior IFP application and adequately shows he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff may proceed with this action without paying the filing fee.

## II.    COMPLAINT

### A.    Legal Standard

Upon granting a request to proceed in forma pauperis, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain

statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

**B.    Plaintiff Cannot Sue Defendant Nevada District Attorney Child Support Enforcement For Alleged Violation Arising Under 42 U.S.C. § 1983**

Plaintiff brings suit under 42 U.S.C. § 1983. *ECF No. 1-1*. One of the parties that plaintiff attempts to sue is Nevada District Attorney Child Support Enforcement ("NDACSE"). *ECF No. 1-1*. Plaintiff describes NDACSE as a "Nevada agency" and NDACSE is a state agency that is a part of the Nevada Division of Social Services. *ECF No. 1-1* at 7; *see* https://dss.nv.gov/Support/. Therefore, plaintiff's § 1983 claims against NDACSE are barred because states and state agencies are not "persons" for the purposes of § 1983 claims. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69, 117 S.

1  Ct. 1055, 137 L. Ed. 2d 170 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct.
2  2304, 105 L. Ed. 2d 45 (1989); *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (stating that States
3  or governmental entities that are considered "arms of the State' for Eleventh Amendment purposes are
4  not "persons" under § 1983). "Traditionally, the requirements for relief under [§] 1983 have been
5  articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2)
6  proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*,
7  947 F.2d 1418, 1420 (9th Cir. 1991). Here, because a state or state agency is not a person for purposes
8  of § 1983, plaintiff is missing an essential element of a § 1983 claim. Therefore, plaintiff is unable to
9  bring a § 1983 claim against the NDACSE.

      **C.**     **Plaintiff Is Barred From Suing Defendant Nevada District Attorney Child Support Enforcement Under the Eleventh Amendment**

12  The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be
13  construed to extend to any suit in law or equity, commenced or prosecuted against one of the United
14  States by Citizens of another State, or Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.
15  "Under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits
16  for injunctive relief brought in federal court." *Mitchell v. Los Angeles Community College Dist.*, 861
17  F.2d 198, 201 (9th Cir. 1988) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100,
18  79 L. Ed. 2d 67, 104 S. Ct. 900 (1984)). Thus, "[a] suit generally may not be maintained directly against
19  the State itself, or against an agency or department of the State, unless the State has waived its sovereign
20  immunity." *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684, 102 S. Ct. 3304, 73 L. Ed.
21  2d 1057 (1982). "[T]he test for waiver is a stringent one. A state waives its immunity when it voluntarily
22  invokes federal jurisdiction or makes a clear declaration that it intends to submit itself to federal
23  jurisdiction." *Bank of Lake Tahoe v. Bank of Am.*, 318 f.3d 914, 917 (9th Cir. 2003) (internal citations
24  and quotation marks omitted). NDACSE is a state agency. Plaintiff has not articulated in his complaint,

nor has NDACSE expressed, a waiver of Eleventh Amendment immunity. In fact, the State of Nevada has explicitly refused to waive its Eleventh Amendment immunity. NRS 41.031(3). Plaintiff also does not allege any facts or state any law indicating that the Eleventh Amendment does not apply to his claims and the Court finds none. Therefore, plaintiff's claims against NDACSE are barred as a matter of law under the Eleventh Amendment.

The Court notes that the other defendants that plaintiff attempts to sue are county agencies. Country agencies can be sued under Section 1983 and do not have Eleventh Amendment immunity from suit. *See Monell v. Dep't of Social Serv. of N.Y.*, 436 U.S. 658, 690 (1978) (outlining that municipalities and local government units are persons under Section 1983 and can be sued under Section 1983); *Eason v. Clark Cnty. Sch. Dist.*, 303 F.3d 1137, 1141 (9th Cir. 2002) (stating that the Eleventh Amendment does not extend to counties) (citations omitted). However, as further discussed below, plaintiff's claims against the other defendants are barred by the statute of limitations.

### D. Plaintiff's Claims Against Other Defendants Are Barred By the Statute of Limitations

Plaintiff also attempts to sue defendants Napa County Department of Child Support ("NCDCS"), Solano County Department of Child Support ("SCDCS"), and Contra Costa County Department of Child Support ("CCCDCS"). *ECF No. 1-1*. Construing the complaint liberally, he alleges that defendants violated his Fourteenth Amendment due process rights and state law when he was compelled to pay child support while he lived in California and later in Nevada. *See id.* at 5-7. However, plaintiff's claims are barred by the state of limitations.

Section 1983 does not contain its own statute of limitations and federal courts borrow the statute of limitations for Section 1983 claims applicable to personal injury claims in the forum state. *See Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). In Nevada, the statute of limitations for personal injury claims, and therefore section 1983 actions brought here, is two years. Nev. Rev. Stat.

11.190(4)(e); *see also Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). "A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" *Pouncil*, 704 F.3d at 573 (citation omitted). "Federal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run." *Id.* (citation omitted). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id.* at 574 (citation omitted).

Plaintiff seems to allege that NCDCS first compelled him to pay child support on April 1, 1997, and that he knew of an enforcement action in Nevada related to his child support payments sometime shortly after May 2001. *ECF No. 1-1* at 5-6. Plaintiff filed his complaint on June 16, 2025. *ECF No. 1-1*. This means that more than 20 years have passed since plaintiff had reason to know of the injuries that are the basis of his action. *See ECF No. 1-1*. Plaintiff makes no allegation that only reasonably discovered any of his alleged injuries within the last two years. *Pro se* plaintiff is required to adhere to the statute of limitations when bringing a claim under Section 1983. *See, e.g.*, *Maxfield v. Fairall*, 487 Fed.Appx. 404 (9th Cir. 2012) (upholding a district court dismissal of a pro se plaintiff's complaint under Section 1983 because the claims made were barred by the statute of limitations); *see also Marotz v. City & Cty. of San Francisco*, No. 14–cv–04494–JCS, 2015 WL 970577, at *4 (N.D. Cal. Mar. 2, 2015) (stating that courts routinely apply statute of limitations to *pro se* plaintiffs). Therefore, plaintiff's Section 1983 claims are barred by the statute of limitations.

E.  **Plaintiff Brings State Law Claims**

Plaintiff alleges that defendants violated state law under theories of negligence and abuse of process. *ECF No. 1-1* at 8-9. The Court also construes plaintiff to allege fraud partly based on state law. *Id.* at 9 (also stating that the fraud claims are based on Section 1983). To the extent that that plaintiff makes out state law claims, his claims are barred by jurisdiction. Although supplemental jurisdiction may allow for plaintiff to bring state law claims, plaintiff cannot bring these claims under Section 1983

because his federal claims fail. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). Further, to the extent that NDASCE is afforded Eleventh Amendment immunity as a state agency, the Ninth Circuit has held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims. *See Stanley v. Trs. Of the Cal. State Univ.*, 433 F.3d 1129, 1133-34 (9th Cir. 2006) (holding that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims"). Therefore, the Court dismisses plaintiff's state law claims unless or until a federal claim(s) is allowed to proceed.

### F. Amended Complaint

The Court will give plaintiff an opportunity to try to amend his complaint and allege claims for which the Court has the jurisdiction, and which are not barred by the statute of limitations. Plaintiff is reminded to ensure that all defendants can be sued and are not immune from suit in the amended complaint. Plaintiff is also cautioned that "when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). In other words, the amended complaint is an entirely new document that completely sets forth the facts and claims for relief.

### III. CONCLUSION

The Court grants plaintiff's IFP application. The Court dismisses without prejudice plaintiff's complaint and gives him an opportunity to file an amended complaint addressing the deficiencies noted in this Order. As the Court grants plaintiff's IFP application here, the Status Motion is denied as moot.

//

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion/Application to Proceed In Forma Pauperis* (ECF No. 7) is **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's *Motion for Status on Pending Application to Proceed in Forma Pauperis* (ECF No. 9) is **DENIED** as moot.

4. Plaintiff has until **Wednesday, December 31, 2025,** to file an amended complaint addressing the issue addressed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

5. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

DATED: October 29, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.