# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Jermaine Graves,

                    Plaintiff,

vs.

Napa County Dept. of Child Support, *et al.*,

                    Defendants.

Case No. 2:25-cv-01057-RFB-MDC

**ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF NO. 12) and DENYING PLAINTIFF'S MOTIONS (ECF NOS. 15, 16)**

Pending before the Court is *pro se* plaintiff Jermaine Graves' amended complaints (ECF Nos. 11, 12), *Motion for Leave to Issue Rule 45 Subpoenas and for Service* ("Leave Motion") (ECF No. 15), and *Motion to Compel* ("Compel Motion") (ECF No. 16) (collectively "Motions"). Plaintiff made these filings following the Court's denial of his first complaint. *See ECF No. 10.*

As an initial matter, plaintiff filed two amended complaints (ECF Nos. 11, 12). The Court strikes the "Amended Complaint" at ECF No. 11 and liberally construes plaintiff's listed "Second Amended Complaint" ("Second Amended Complaint") at ECF No. 12 as the intended complaint that plaintiff seeks for the Court to screen. *See ECF No. 12*; *see also ECF No. 17* (plaintiff filing exhibits to the Second Amended Complaint at ECF No. 12). Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice and leave to amend. His Motions are also **DENIED** without prejudice as moot. The reasoning is as follows.

## DISCUSSION

## I.    BACKGROUND

Plaintiff initiated this action by filing an Application for Leave to Proceed in forma pauperis (ECF No. 2) and his original Complaint (ECF No. 2-1). The Court granted plaintiff leave to proceed in forma pauperis and screened plaintiff's original Complaint. *ECF No. 10.* Plaintiff then filed this Second Amended Complaint and the Motions. *ECF Nos. 12, 15, 16.*

## II.   SECOND AMENDED COMPLAINT

### A.   Legal Standard

The Court exercises its discretion to screen the Second Amended Complaint. *See Yahral v. Fincher*, No. 2:24-cv-02042-CDS-MDC, 2025 WL 2211254 at *1 (D. Nev. August 4, 2025); *see also Harris v. Cnty of Clark*, No. 2:22-cv-00560-RFB-NJK, 2024 WL 4349195 at *1 (D. Nev. September 29, 2024) (stating "district courts repeatedly find that the decision to screen an amended complaint is within the discretion of the Court"); *Matlean v. Dzurenda*, No. 2:19-cv-01498-APG-DJA, 2021 WL 4864285 at *1 (D. Nev. October 19, 2021) (stating that Federal courts screen amended complaints at their discretion).[1]   The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Because a complaint must be complete in itself, courts generally do not consider matters outside the pleadings when screening complaints under 28 U.S.C. § 1915A. The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief."

---

[1] While these cited cases were in the prisoner context and 28 U.S.C. § 1915 sometimes refers to prisoners, the Ninth Circuit has held that 28 U.S.C. § 1915 screening provisions are not limited to cases initiated by prisoners. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

*Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). At issue here is whether plaintiff's Second Amended Complaint states a plausible claim for relief. "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

**B.      Plaintiff Is Unclear On The Parties He Is Seeking To Sue**

Plaintiff does not clearly identify any defendant in the caption of the Second Amended Complaint. Instead, Plaintiff seems to list "Doe Defendants 1-40… [who are the] child support enforcement officers, supervisors, and agents acting under color of state law" as defendants. *ECF No. 12* at 1. Plaintiff also lists himself and the Doe Defendants as the parties in this case. *Id.* at 3. However, plaintiff then lists "Napa Country DCSS… Solano County DCSS… Contra Costa County DCSS… Washoe County CSEA… [collectively "county agencies"] [and] NDACSEA [Nevada District Attorney Child Support Enforcement Agency]" when listing the glossary of parties and agencies in this case. *Id.* Furthermore, plaintiff in his statement of facts seems to list alleged violations of law that were committed by the county agencies and the NDASEA themselves rather than by Doe Defendants 1-40. *See id.* at 2-3. Plaintiff is thus unclear on which parties are being sued in this case.

//

//

//

3

**C.    Plaintiff Is Unclear On The Type of Relief That He Is Seeking**

Construing the complaint liberally, plaintiff seems to allege that his Fourteenth Amendment due process rights and state law were violated when he was compelled to pay child support while living in California and later in Nevada. *See id.* at 2-3. He also seems to allege that these violations are ongoing. *See id.* While listing the glossary of parties and agencies, plaintiff states that he is making these claims "solely for injunctive relief." *Id.* at 1. However, he then seems to request $2,500,000 in "compensatory, punitive, constitutional, and liberty damages as previously detailed." *Id.* at 4. Plaintiff is thus unclear on the type of relief that he is seeking.

Given the foregoing, the Court dismisses the Second Amended Complaint without prejudice so that plaintiff can clarify the parties that he is suing and the type of relief he is seeking.

**D.    Amended Complaint**

The Court will give plaintiff one final opportunity to amend his complaint. Plaintiff is reminded to ensure that all defendants can be sued and are not immune from suit in the amended complaint. Plaintiff is also reminded to make clear on the parties he is seeking to sue and on what relief he is seeking in this case. The Court notes that if plaintiff seeks purely injunctive relief, he must "identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Hartmann v. Cal. Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013).

Plaintiff is cautioned to properly allege that his claims properly fall within the statute of limitations. The continuing violations doctrine as plaintiff seems to assert in the Second Amended Complaint does not apply to § 1983 civil claims that are only individualized to one person. *See Bird v. Dep't of Human Servs.*,  935 F.3d 738, 748 (9th Cir. 2019) (noting that a plaintiff making out a series of related acts (and one or more of the acts fall within the statute of limitations) or claiming the existence of a discriminatory system that existed before and after the statute of limitations does not save a time

barred § 1983 claim that alleges only individualized harm). Plaintiff is also cautioned that "when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). In other words, the amended complaint is an entirely new document that completely sets forth the facts and claims for relief.

## III.   PLAINTIFF'S LEAVE AND COMPEL MOTION

In plaintiff's Leave Motion, he requests for a court order granting him leave to issue Federal Rule of Civil Procedure 45 subpoenas against "non-party governmental entities[.]" *ECF No. 15*. In his Compel Motion, he requests that defendant preserve and produce all "video, audio, transcripts, and records related to [his] November 9, 2025 bail hearing[.]" *ECF No. 16*. However, as noted in this Screening Order, plaintiff's complaint has not been accepted and moved past the screening stage, which would allow defendant to serve the complaint and pursue his lawsuit. Furthermore, because his Second Amended Complaint is being dismissed with leave to amend, the Motions are moot and should not be brought again unless he passes the screening stage. Therefore, the Court denies the Motions without prejudice as moot.

## IV.   CONCLUSION

The Court dismisses without prejudice plaintiff's Second Amended Complaint (ECF No. 12) and gives him an opportunity to file an amended complaint addressing the deficiencies noted in this Order. Plaintiff's Leave and Compel Motion are also denied without prejudice as moot.

//

//

//

//

ACCORDINGLY,

**IT IS ORDERED that:**

1.  Plaintiff's Second Amended Complaint (ECF No. 12) is **DISMISSED** without prejudice and with leave to amend.

2.  The Court Clerk is kindly directed to **STRIKE** Plaintiff's Amended Complaint (ECF No. 11).

3.  Plaintiff's *Motion for Leave to Issue Rule 45 Subpoenas and for Service* (ECF No. 15), and *Motion to Compel* (ECF No. 16) are **DENIED** without prejudice as moot.

4.  Plaintiff has until **Wednesday, May 11, 2026,** to file an amended complaint addressing the issue addressed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

5.  If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

DATED: March 11, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

6

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.